ARTHUR W. TUFTS *vs.* CITY OF CHARLESTOWN.

Under a statute (St. 1864, *c.* 160, § 1,) which provides that, if any owner of land abutting on a street in a city shall neglect to build against his lot, to the acceptance of the mayor and aldermen, " a sidewalk," with brick or flat stone, supported on its outer edge with edgestone, within thirty days after notice from the city so to do, the city may construct " the same " at his expense, such an abutter is not liable for the expense of such a sidewalk built against his lot by the city, if the notice with which he neglected to comply did not indicate the dimensions of the sidewalk which the city required him to build; and it is immaterial that the city council had given to a committee authority to set the edgestones at the expense of the city, if the notice to the abutter did not inform him who would set them, nor when nor where they would be set.

CONTRACT to recover the cost of a sidewalk paid to the defendants under protest.

At the trial in the superior court, before *Brigham*, J., without a jury, these facts appeared : The plaintiff owned a lot of land on Middlesex Street in Charlestown. On November 13, 1865, the city council passed an order authorizing their joint committee on repairs of streets to cause Middlesex Street to be macadamized, and the sidewalks to be paved, the expense of setting the edgestones to be paid by the city, but the abutters to furnish the edgestones and pave the sidewalks at their own expense. On the same day the mayor and aldermen directed the city clerk to give notice to the owners of estates abutting on Middlesex Street, or their agents, " to cause the sidewalks against their estates on said street to be paved with brick or flat stones, supported on the outer side thereof with hammered edgestone, within thirty days, or it will be done by the city at the expense of said owners; " and on November 16 the city clerk served on the plaintiff's agent a written notice addressed to the plaintiff " to furnish suitable edgestones and cause the sidewalk in front of your estate on said street to be paved within thirty days from this date, or the same will be done by the city at your expense," without specifying or otherwise describing the dimensions of the space so to be edged with stone and paved. After thirty days, the plaintiff having failed to comply with this notice, the defendants furnished and set one hundred and seventy feet of edgestone in front of his lot, and paved with brick the sidewalk so inclosed, and made demand on him for the cost of the material and the paving, and, upon his neglect to comply with this demand, advertised the estate for sale, when he paid the amount under protest and brought this action to recover it.

The judge ruled that the proceedings of the defendants were irregular and defective, and found for the plaintiff; and the defendants alleged exceptions.

*H. W. Bragg*, for the defendants.

*C. Robinson, Jr.*, for the plaintiff.

HOAR, J. It does not become necessary to examine and decide most of the questions which have been raised upon the argument of the bill of exceptions in this case, because the court are all of opinion that, upon the facts found at the trial, the

Tufts *v.* City of Charlestown.

ruling of the justice who presided, that the defendants' proceedings were irregular and defective in law, may be supported upon a single ground which is decisive.

The liability of the owner of land abutting upon a street, to construct a sidewalk upon the street against his estate, is exclusively a liability created by statute, and in this case depends upon the construction to be given to St. 1864, *c.* 160, § 1. This statute provides that whenever a public street in the city of Charlestown shall be paved, macadamized or covered with gravel, the owners of abutting lots shall, within thirty days after notice from the board of mayor and aldermen so to do, construct at their own expense, and to the acceptance of the board, a sidewalk against their respective estates, with brick or flat stone, supported on the outer edge thereof with hammered edgestone. If the owner neglects or refuses to construct such sidewalk for the space of thirty days after a written notice has been served upon him, his tenant, agent or attorney, the city may construct the same, and the expense is made a lien upon the land, to be enforced by a sale thereof, as in the case of a sale for taxes, with a right of redemption in the owner.

The question is, what must the notice to the abutter contain? The statute does not in terms provide, and it is therefore to have a reasonable construction. The abutter is to construct the sidewalk within thirty days, to the acceptance of the mayor and aldermen. He is therefore entitled to know, before he is required to incur the expense, of what dimensions the sidewalk is to be. Without this information, he cannot know what quantity of materials to provide. It would be a useless thing for him to construct a sidewalk three feet in width, if the mayor and aldermen might refuse to accept one less than ten feet wide. It would not be reasonable to require him to construct one at his peril, losing the privilege which the statute gives him of doing the work himself, instead of having the city do it, in case he judged wrongly as to the width or grade. There is no way provided for him to learn the will of the mayor and aldermen, after he has received his notice; and the board might not be in session again during the thirty days, or not within a time which would

leave him time enough to do the work. We therefore think that it was clearly the intention of the statute that the notice to him should contain, not merely a direction to build a sidewalk generally, but a statement of the dimensions of the sidewalk which he is required to build.

The notice to the plaintiff, dated November 16, 1865, did not contain any statement of the width of the sidewalk required, either in terms or by reference to any monument, or to any source of information. Not giving the necessary instruction to him, it imposed no legal duty upon him; and he cannot be regarded as having neglected or refused to construct a sidewalk for the construction of which he had received no sufficient notice. The expense subsequently incurred by the city would not therefore be lawfully charged upon his estate; and as he paid it under protest, and to avoid the sale of his land, he may recover it back in this action.

The only objection to this view of the case which seems to us of much importance is the suggestion that the city had undertaken to set the edgestones, which the plaintiff was directed to provide, and the city council had intrusted the charge of setting them, at the expense of the city, to a committee; so that, if he had furnished the edgestones, he would have known the dimensions of the sidewalk when they were set. But there are two answers to this. First, the notice from the mayor and aldermen to the plaintiff did not inform him who would set the stones, or when they would be set. And secondly, there was no vote or order of the mayor and aldermen fixing any time within which the stones should be set by the committee, or the place designated for them, so as to give him time to provide and lay down his brick or stone pavement. Such an indefinite direction to a committee could not be equivalent to the precise information which should have been furnished to the plaintiff before he would be in fault for not complying with the order to construct the sidewalk. *Exceptions overruled.*